UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHYANNE TUBBS,

    Plaintiff,

 v.                                                                      Case No. 21-CV-1121

PMI OF GREATER MILWAUKEE, MONICA STELLER, DAVID GRISAMORE, and PETER HINTZ,

    Defendants.

## REPORT AND RECOMMENDATION SCREENING AMENDED COMPLAINT

On September 27, 2021, Shyanne Tubbs filed a *pro se* complaint against the property management company for her apartment, PMI of Greater Milwaukee; PMI's employee, Monica Steller; the property owner, David Grisamore; and Peter Hintz of Sid Grinker Fire and Water Restoration for damages arising out of a June 6, 2021 fire at her apartment. (Docket # 1.) In screening her complaint, I found that the complaint, as currently pled, failed to allege subject matter jurisdiction. I allowed Tubbs an opportunity to file an amended complaint addressing its deficiencies. (Docket # 5.)

Tubbs timely filed an amended complaint. Thus, I will now screen the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). Because I find that Tubbs' amended complaint fails to state a claim on which relief may be granted, I recommend that the complaint be dismissed.[1]

---

[1] Because the defendants have not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

## ANALYSIS

District courts have the authority to "screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake,* 196 F.3d 778 (7th Cir. 1999); *see also* 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. The standard for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See De Walt v. Carter,* 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Id.* at 612. A complaint should be dismissed if it fails to include sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

In her original complaint, Tubbs alleged that a fire occurred in her apartment on June 6, 2021 while she and her children were away from the building. (Docket # 1 at 4.) Tubbs alleged that Steller accused her of leaving a candle lit in the apartment and told her that she needed to move because Steller was changing the locks. (*Id.*) Tubbs alleged that Steller told Tubbs to contact her when she needed to get her things out of the building. (*Id.*) Tubbs alleged that she called Steller several times over the next few weeks and got no answer. (*Id.*) Tubbs finally reached Steller on June 28 and asked if she could come retrieve her belongs. (*Id.*) Tubbs alleged that Steller refused, but told her that the door would be open at 7:00 a.m. the next day as Sid Grinker Fire and Water Restoration would be restoring the unit. (*Id.*) Tubbs further

2

Case 2:21-cv-01121-JPS   Filed 12/02/21   Page 2 of 5   Document 7

alleged that Steller told her that she had one day to remove her belongings from the unit and stated that she had instructed the workers from Sid Grinker to throw out any of Tubbs' belongings that she did not retrieve. (*Id.*) While Tubbs was able to retrieve some of her items, she alleged that the workers from Sid Grinker began tossing her belongings over the balcony. (*Id.*)

Tubbs alleged that she spoke to Hintz, the lead on the restoration project, who told her that a light switch in the wall was the source of the fire. (*Id.*) Tubbs alleged that she was aware of previous electrical issues in the apartment. (*Id.*) Tubbs further alleged that although she did not have renter's insurance on her own, that she was covered under a liability policy through PMI. (*Id.* at 5.) Tubbs alleged that PMI refused to give her a copy of the policy and that the property owner, Grisamore, filed a false insurance claim asserting that Tubbs caused the fire through a lit candle. (*Id.*) Tubbs further alleged that Hintz later changed his story and asserted that the light switch was not the cause of the fire. (*Id.*)

In her amended complaint, Tubbs refers back to her original complaint, but now adds that Steller violated her right to fair housing, citing 42 U.S.C. § 3631 and 18 U.S.C. § 241. (Docket # 6.) She requests "a few more days" to "properly address the laws that have been broken/rights violated" and asserts that she is a victim of a hate crime and seeks compensation for her lost property. (*Id.* at 4.) The Fair Housing Act makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Section 3604 makes unlawful the discrimination

3

against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. 42 U.S.C. § 3604.

While Tubbs speculates that Steller "committed these actions based solely on her personal opinion of certain groups of people (African-American) and their socioeconomic status," and opines that she does "not know what [she] could have done to deserve such treatment, which leaves [her] to believe this is an issue of either racial or personal opinions on individuals of a certain social class," (Docket # 6 at 6–7), she alleges no facts in her amended complaint to state a plausible claim for relief. Nor does she allege how the other named defendants—PMI of Greater Milwaukee, Grisamore, and Hintz—violated her rights under the Fair Housing Act. While Fed. R. Civ. P. 8 does not require a plaintiff to plead detailed factual allegations, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. While Tubbs requests more time to further develop potential legal theories, I find that on the facts before me, further amendment would be futile. For these reasons, I recommend that Tubbs' amended complaint be dismissed for failure to state a claim.

**NOW, THEREFORE, IT IS RECOMMENDED** that this action be **DISMISSED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of

the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 2nd day of December, 2021.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge

5